UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAKYLAH JONES, | ) |
| Plaintiff, | ) |
| v. | ) No. 22 C 3084 |
| | ) Judge Sara L. Ellis |
| LOYOLA UNIVERSITY MEDICAL CENTER, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Nakylah Jones, who suffers from asthma, sued her employer Defendant Loyola University Medical Center ("Loyola") for employment discrimination, failure to promote, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112. Loyola moves to dismiss Jones' second amended complaint under Federal Rule of Civil Procedure 12(b)(6). Because the Court cannot determine whether she exhausted her remedies at this stage, the Court denies Loyola's motion to dismiss.

## BACKGROUND[1]

Jones began working as an environmental service technician at Loyola in November 2019. At the beginning of her employment, Jones did not face any time restrictions to complete her tasks. After one year, Jones received a new assignment, which required her to clean patient beds within twenty minutes. Jones objected to her new assignment, informing Loyola that she suffered from asthma and needed to regularly use an inhaler, which would interfere with her ability to meet the twenty-minute time constraint. Jones requested accommodation—to return to

---

[1] The Court takes the facts in the background section from Jones' second amended complaint and exhibits attached thereto and presumes them to be true for the purpose of resolving Loyola's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

an assignment that did not place any time restrictions on her.  Loyola denied the request in February 2021.

A month later, Jones received corrective action for her performance in her role.  At the time of the corrective action, Jones had been completing a course to become a certified nursing assistant ("CNA").  She worried the corrective action would interfere with her eligibility to receive a promotion to a CNA role.  Subsequently, Jones initiated an internal grievance process during which she informed Loyola's human resources ("HR") representatives and her management team that she felt she had been subjected to discrimination.  She asked Loyola to remove the corrective action from her record and to provide her with an accommodation.  Loyola denied Jones' grievance.  Jones suffered multiple asthma attacks in the following months.

Jones subsequently filed a charge of discrimination with the EEOC on June 1, 2021, claiming she suffered continuing retaliation between at least December 1, 2020 and June 1, 2021 in violation of Title VII of the Civil Rights Act.  In her EEOC charge, Jones asserted that she complained to Loyola "about harassment and unfair treatment."  Doc. 43 at 9.  Jones stated that she had "been subjected to different terms and conditions of employment, including but not limited to, being reassigned to different departments and discipline."  *Id.*  Jones selected the box for retaliation but did not select the box for disability discrimination in her EEOC charge.

Jones experienced harassment after filing her EEOC charge, which included being followed by her management throughout the halls of the hospital; receiving malfunctioning equipment; losing access to Loyola's internal system, which prevented her from accessing her timecard, paid time off and work email; changing Jones' badge access; and getting a negative performance evaluation.  Jones told Loyola's HR team multiple times about the harassment, but the harassment did not stop.  Jones then filed a complaint with the Occupational Safety and

Health Administration ("OSHA"), after which she received a final warning write-up. Finally, despite Jones receiving an offer from Loyola for a CNA position after she finished her CNA course, she lost the job because her supervisor did not approve the transfer.

The EEOC issued Jones a notice of right to sue on March 14, 2022. Jones filed her complaint on June 13, 2022. Jones filed a first amended complaint on February 15, 2023, which Loyola subsequently moved to dismiss. The Court denied Loyola's motion to dismiss the first amended complaint, finding that Jones had timely filed her complaint and reserving ruling on Loyola's other arguments for dismissal. Doc. 42. The Court ordered Jones to file a second amended complaint and instructed her to clarify the facts underlying her retaliation claim. Jones filed her second amended complaint on October 13, 2023, which Loyola now moves to dismiss.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

# ANALYSIS

Jones brings four claims under the ADA—failure to promote, failure to reasonably accommodate, failure to stop harassment, and retaliation. Loyola argues that Jones failed to adequately exhaust her administrative rights for all four claims because she failed to assert any of these claims in her EEOC charge.

"An ADA plaintiff must file a charge with the EEOC before bringing a court action against an employer." *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018). Doing so "gives the EEOC and the employer a chance to settle the dispute, and it gives the employer notice of the employee's grievances." *Huri v. Off. of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 831 (7th Cir. 2015). "Courts review the scope of an EEOC charge liberally." *Id.* This is especially true "[b]ecause most charges of discrimination are drafted by laypersons." *Id.* at 831. Consequently, the EEOC charge does not need to allege "each and every fact that combines to form the basis of each claim in [Jones'] complaint." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The Court instead considers whether Jones' ADA claims are "like or reasonably related to the allegations of the charge and [grew] out of such allegations." *Id.* To meet that standard, Jones' claims and the EEOC charge "must, at a minimum, describe the same conduct and implicate the same individuals." *Huri*, 804 F.3d at 832. Failure to exhaust is an affirmative defense so Jones does not have an obligation to allege facts negating the defense. *See Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). Further, if "nothing on the face of her complaint that compels a conclusion that she failed to exhaust," the Court should not grant Loyola's motion to dismiss. *Id.*

The parties do not dispute that Jones failed to mention the ADA and her disability in her EEOC charge. Jones did not select "disability" as one of the categories underlying her

discrimination charge. Nor did she state anywhere in her EEOC charge that she suffered from a disability or that the harassment and unfair treatment she asserted occurred because of her disability. Generally, a claim fails the exhaustion requirement when a plaintiff fails to explicitly assert the disability that triggered the discrimination in her EEOC charge or to specify the type of discrimination she endured. *See Johnson v. Beach Park Sch. Dist.*, 638 F. App'x 501, 502 (7th Cir. 2016) (plaintiff failed to exhaust her administrative remedies where "[n]othing in her EEOC charges, as the district court correctly concluded, even hints at age discrimination"); *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527–28 (7th Cir. 2003) (finding that "[t]here is nothing about [the plaintiff's] EEOC charge that would reasonably lead one to conclude that [she] was a victim of age discrimination," as "[s]he doesn't mention age anywhere in the charge," "the age discrimination box is unchecked, and, in describing the charge, she doesn't specify the ages of other employees who allegedly received more favorable treatment . . . nor any other facts that might have alerted the EEOC to the claim"); *Summerland v. Exelon Generation Co.*, 455 F. Supp. 3d 646, 661 (N.D. Ill. 2020) (finding failure to exhaust Title VII claim where the charge "does not even hint at Title VII retaliation claim"); *Johnson v. Zion Sch. Dist. No. 6*, No. 12 C 5067, 2012 WL 6727406, at *4 (N.D. Ill. Dec. 28, 2012) (finding plaintiff did not exhaust her failure to accommodate claim because she only complained of retaliation, age, and disability discrimination and nothing in her EEOC charge suggested that the EEOC should investigate a failure to accommodate claim too).

In her response brief, Jones asserts that, despite failing to refer to her disability in her EEOC charge, she provided documents to the EEOC throughout its investigation that would have informed the EEOC of her disability. Previously, the Seventh Circuit had held that plaintiffs fail to exhaust a claim when the claim was not included in the EEOC charge but was included in the

5

EEOC's intake questionnaire. *Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699 (7th Cir. 1999). However, more recent Seventh Circuit and district court cases have dismissed *Novitsky*'s narrow reading in favor of considering documents beyond the EEOC charge when "it is clear that the charging party intended the agency to investigate the allegations." *Swearnigen–El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 865 (7th Cir. 2010) (considering plaintiff's EEOC intake questionnaire); *see also Petrus v. Silver Cross Hosp.*, No. 22 C 6853, 2024 WL 621695, at *2 (N.D. Ill. Feb. 14, 2024) (denying a motion to dismiss where plaintiff asserted that "an EEOC representative stated that Plaintiff's claims included religious discrimination, even though that was not listed in Plaintiff's charge, indicating that the EEOC may have considered that claim part of the charge and investigated that claim before dismissing it"); *Jordan v. Whelan Sec. of Ill., Inc.*, 30 F. Supp. 3d 746, 751 (N.D. Ill. 2014) (rejecting a broad reading of *Novitsky* and permitting the plaintiff to "present evidence outside her charge for exhaustion purposes").

Considering these recent cases and Jones' assertions that she provided additional documents during the EEOC investigation to put them on notice of her disability, the Court cannot determine whether she exhausted her remedies at this stage. *See Petrus*, 2024 WL 621695, at *4 ("At minimum, these open questions [about what the plaintiff told the EEOC during its investigation] confirm that Defendants' motion to dismiss is an improper vehicle to resolve their affirmative defense of failure to exhaust."); *Surgit v. City of Chicago*, No. 1:19-CV-07630, 2021 WL 1192674, at *2 (N.D. Ill. Mar. 29, 2021) ("[F]ailure to exhaust is an affirmative defense and thus a Rule 12(b)(6) motion—which test[s] the adequacy of the allegations to state a valid claim—is inapt, because plaintiffs need not plead around affirmative defenses in a complaint."). Open questions remain about what Jones presented to the EEOC about her disability, which the parties must explore through the discovery process. Ultimately, Jones may

6

not be able to overcome the exhaustion requirement, especially if her evidence relies solely on her oral statements. *See Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 665 (7th Cir. 2000) ("No case suggests that an oral statement to an agency representative is adequate, and notice of such a statement cannot be expected to reach the employer."); *Baker v. Sheahan*, No. 03 C 6551, 2005 WL 1189593, at *5 (N.D. Ill. May 12, 2005) ("Here, Baker's request to expand the scope of her charge is based on her conjecture as to what she told the EEOC. . . . Baker's speculation regarding what she told the EEOC staffer does not allow her to raise claims which were not included in her EEOC charge."). And if the evidence reveals that Jones failed to exhaust her claims underlying her EEOC charge, her claim of retaliation for filing an EEOC charge will also fail. *See McHale v. McDonough*, 41 F.4th 866, 871 (7th Cir. 2022) ("But McHale did not exhaust her accommodation claim, so she could not have exhausted her retaliation-for-accommodation claim."). But at this stage, the Court cannot determine whether Jones exhausted her administrative remedies and so the case must proceed to discovery.

## CONCLUSION

For the foregoing reasons, the Court denies Loyola's motion to dismiss [46].

Dated: April 10, 2024

SARA L. ELLIS
United States District Judge